## D. L. GARRETT, EXECUTOR, ET AL. v. T. C. SPRADLING.

Decided April 12, 1905.

#### 1.—Brief—Proposition—Assignments.

Propositions raising questions not presented by the assignments of error need not be considered.

#### 2.—Deed—Execution—Evidence—Married Woman.

To prove the execution of a lost deed by a married woman, where forgery has been plead, evidence of the purchase and payment for the land by the grantee and of the existence of the deed with separate acknowledgment is

admissible, in connection with other evidence, though not in itself going to prove that the deed was made in pursuance of such purchase or that the deed described by the witness was in fact executed by such grantor.

### 3.—Lost Deed—Evidence.

In proof of an unrecorded lost deed evidence of a witness as to the existence of such a deed and the regularity of the acknowledgment, not extending to proof of its signing by the grantor, was admissible as tending to prove a material issue in the case, the effect of it being for the jury to determine.

### 4.—Charge—Burden of Proof.

Charge considered and held to sufficiently present to the jury the proof and the burden of proof necessary to show the execution of lost deeds and the privy acknowledgment thereof by a married woman.

Appeal from the District Court of Rains County. Tried below before Hon. H. C. Connor.

*B. M. McMahan, D. M. Rodes* and *Perkins & Craddock,* for appellant.—In an action of trespass to try title, when the defendant files an affidavit that a deed under which plaintiff claims title is a forgery, the burden of proving the execution of the deed attacked is cast upon the plaintiff. Rev. Stats., art. 2312; Jester v. Steiner, 86 Texas Rep., 415; Robertson v. DuBose, 76 Texas Rep., 1; Cox v. Cock, 59 Texas Rep., 521.

In an action of trespass to try title, when the plaintiff claims under a deed, as one of the links in his chain, which has been lost and never recorded, the burden of proof rests upon him to prove the execution of the deed alleged to have been lost and not recorded. Hatchett v. Conner, 30 Texas Rep., 108; Wood v. Welder, 42 Texas Rep., 396; Jester v. Steiner, 86 Texas Rep., 415.

*J. W. Humphrey* and *C. J. Crabb,* for appellee.—An affidavit of forgery, in order to have the effect of placing the burden of proof as to the execution of a deed by the common-law method upon the party offering it in evidence, should be filed at least three days before the day of trial, and notice of the filing of such affidavit given to the opposite party. Hammond v. Connolly, 63 Texas, 62; Davidson v. Felder, 2 Texas Civ. App., 273.

The affidavit, or sworn allegation of forgery, not having been submitted until the day the trial began, the plaintiff is relieved from the burden of proving the execution of a recorded deed under which he claims title, and the question of forgery then merely becomes a question for the jury, like any other issue of fact, with the burden upon the party alleging it to prove the forgery. Rev. Stats., art. 2312; Robertson v. DuBose, 76 Texas, 1; Thompson v. Johnson, 24 Texas Civ. App., 246.

A deed deposited with the County Clerk for record is considered as recorded from and after the date of such deposit.

Secondary evidence is admissible to prove the existence and contents of a lost deed which has been recorded after proof that diligent search and inquiry has been made of the proper persons and in the proper places for the lost instruments. Sayles' Rev. Civ. Stats., arts. 4607 and 4642; Bayne v. Denny, 21 Texas Civ. App., 436.

EIDSON, Associate Justice.—This is an action of trespass to try title, brought by appellee in the court below against D. L. Garrett, Jolly Ivey and his wife, Emily Ivey, for the recovery of 190 acres of land, part of the 320-acre survey patented to James Garrett, assignee of W. H. Garrett. Appellant D. L. Garrett disclaimed any interest in the land individually, but claimed same for the estate of James Garrett, of which he was the executor, and in that capacity answered by general demurrer, general denial, plea of not guilty, limitations of three, five and ten years, suggested improvements in good faith, and filed a sworn plea, alleging that the two deeds, purporting to be executed by appellant Emily Ivey (then Holbert), joined by her husband, J. T. Holbert, one to J. R. Allcorn and his wife, Susan B. Allcorn, for 100 acres out of said W. H. Garrett survey, and the other to S. M. Woodrum for 90 acres out of said survey, and which deeds constitute links in appellee's chain of title to the land in controversy, were never in fact executed by said Emily Holbert and her husband, J. T. Holbert, but were forgeries.

Appellants Emily Ivey and her husband, Jolly Ivey, answered by general demurrer, general denial, plea of not guilty, and adopted that part of the answer of appellant D. L. Garrett alleging that the two deeds above mentioned were forgeries.

Jas. B. Burdett, by his guardian, W. W. Burdett, filed a plea of intervention, claiming title to the land in controversy, but as the grounds upon which he claims title to same do not in anywise affect the questions presented on this appeal, it is unnecessary to state them.

The case was submitted to the jury by the court below on special issues, which, being found by the jury in favor of appellee, judgment was rendered in his favor for the land in controversy.

Appellant's first and second assignments of error are as follows:

"1.—The court erred in permitting the plaintiff to read in evidence the sixth direct interrogatory propounded by plaintiff to his witness W. S. Allcorn, and the answer thereto, which answer is as follows: 'My father bought this land from J. H. Holbert and wife. J. H. Holbert and wife, at the time the land was bought by my father, resided in Bell County, Texas, at or near the town of Belton. He bought the land about 1877. He paid for the land in sheep. It was all paid for.' Because the deposition of said witness did not show that the deed of conveyance claimed to have been made by Emily Holbert, a married woman, conveying her separate estate, had been acknowledged in the form prescribed in the statute for a married woman conveying her separate estate, and did not show who the officer was, either by name or title, or where he lived, whether authorized to take acknowledgments or not, and did not show whether or not the officer who took the acknowledgment knew the grantor or his wife, Emily Holbert, or was introduced to them, or that they were proven to him by any one to be the persons whose names were signed to the instrument; and because the interrogatory and answer thereto does not show that the instrument was explained to Mrs. Emily Holbert, as is required to pass title to the separate estate of a married woman; and because there was on file among the papers of the case an affidavit charging forgery, if such deed was ever in existence, and the execution of the deed had not been proven. All of which is fully shown by defendant's bill of exception number 1.

"2.—The court erred in permitting in evidence the eighth interrogatory, and the answer thereto of plaintiff's witness W. S. Allcorn, who testified by deposition that he had then in his possession a deed executed by J. H. Holbert and wife to J. R. Allcorn; that the deed was destroyed by fire in the year 1887 in Walker County, Texas. The deed was made in the year 1877, as well as witness remembers, in the summer. J. H. Holbert and his wife signed and acknowledged said deed. I can not remember before what officer it was acknowledged. Mrs. Holbert's acknowledgment was to the deed. I did not see her appear before the officer, but the officer's certificate of acknowledgment was to the deed, taking her separate acknowledgment to the deed. I can not remember the name of the officer who took the acknowledgment. The certificate of acknowledgment showed that she appeared before the officer and was privily examined by him, separate and apart from her husband, and the certificate showed that he had fully explained the deed to her, and that she had acknowledged to him upon her privy examination, separate and apart from her husband, that she had willingly signed the deed as her own act and deed, and that she did not wish to retract it. It was a general warranty deed.

"Because the same was irrelevant and immaterial, and because the evidence in the case, nor the deposition of the witness, did not show that there was any deed executed and acknowledged by J. T. Holbert and his wife, in the form prescribed by law, conveying any portion of the property in controversy; and because there had been an affidavit filed with the papers in the case charging that, if such a deed had ever been in existence, that the same was a forgery, and its execution had not been proven, and because the deposition of said witness did not show that the deed or conveyance claimed to have been made by Emily Holbert, a married woman, had been acknowledged in the form prescribed in the conveyance of the separate estate of a married woman."

Appellants' only proposition presented under this assignment of error, which is as follows: "In an action of trespass to try title, when the defendant files an affidavit that a deed under which plaintiff claims title is a forgery, the burden of proving the execution of the deed attacked is cast upon the plaintiff," is not germain to the assignments, and on that account, we are not required to consider same. However, in our opinion, these assignments are not well taken, as the testimony, while perhaps not sufficient within itself to prove the due execution of the deeds to which it referred, was admissible in connection with other testimony in the record, as tending to prove such execution, and it was proper for the court to permit same to go to the jury for their consideration.

Appellants' sixth and seventh assignments of error are as follows:

"6th.—Because the court erred in permitting the plaintiff, T. C. Spradling, to testify that he knew the land in controversy, and had acted as agent for S. M. Woodrum for some land, and bought some once owned by him; that he was agent for Woodrum for some of the W. H. Garrett land; that it was out of the southwest corner of the survey—ninety acres more or less; that he knew what Mr. Woodrum did with the ninety acres; he sold it to James Cotton; that he knew it

by having secured the deed from James Cotton; that the deed was signed by Woodrum and acknowledged before an officer, a notary public of Marion County; witness did not remember his name; that he took the certificate to be in due form, investigated before he bought this land; that the certificate showed, as he understood it, two separate acknowledgments; that the parties were personally known, and the certificates of acknowledgment were in due form, the form they usually have on blank deeds; the deed was dated somewhere between 1887 and 1895—somewhere about 1892; witness did not recollect the date. Witness brought the deed and filed it with Mr. Fitzgerald, county clerk of Rains County, because there was better evidence, and because the plaintiff was attempting to prove a lost deed alleged to have been executed by S. M. Woodrum to James Cotton, without proving its execution, was immaterial and irrelevant. And because the witness did not see the deed executed, and it was not proven by the testimony of any other witness, and because the evidence showed the deed had never been recorded, all of which is shown in defendant's bill of exception number 6.

"7th.—The court erred in permitting the plaintiff to prove by his witness W. H. Clendenin that witness was a lawyer, and that witness's recollection was that plaintiff T. C. Spradling talked to him at one time and had some deeds; he remembered the name of Cotton very distinctly being connected with some of their papers; that the plaintiff T. C. Spradling spoke to him once, he did not recollect the time, something about looking into the title of a tract of land, and his recollection was that it was some land mentioned in these papers that Spradling had; that he could not be positive about it, but did not look into the title, and did not remember what survey of land it was, except it was Garrett's survey; could not be positive what Garrett. Witness could not be positive whether the deed presented to him for examination was the particular deed that had Cotton in it or not, but his best recollection was that Mr. Spradling said something to witness about writing a deed, and perhaps witness did write a deed for him. His recollection was that Mr. Flanagan was a party to that deed, and that the Cotton deed was in connection with the same land, and that Spradling showed witness a deed, he could not be positive, but it was his recollection that it was at the time of the conversation relative to writing the deed to which the name of Flanagan appeared. And that if the deed witness examined was the Cotton deed, that he could not be positive, but his recollection was that he considered the acknowledgment in good shape. But could not be positive whether or not the deed he examined was a deed from Cotton or not. Because it was immaterial, irrelevant and uncertain, and because the plaintiff was put upon proof of the execution of the deed, and the evidence showed that the deed had never been recorded, and because it was not shown by the evidence that S. M. Woodrum ever executed a deed to James Cotton to any portion of the land in controversy."

The proposition submitted by appellants under these assignments of error is to the effect that in an action of trespass to try title, when the plaintiff claims under a deed as one of the links in his chain of title, which deed having been lost and never recorded, the burden of proof

rests upon him to prove the execution of the deed alleged to have been lost and not recorded. This proposition is not applicable to the assignments of error under which it is submitted; but in our opinion the testimony, the admission of which is complained of by said assignments of error Nos. 6 and 7, was admissible as tending to prove a material issue in the case, and its weight was a matter for the jury to determine. The only issues submitted by the court below to the jury were as follows:

"1. Did Emily Holbert, joined by her husband in the manner above explained, convey to J. R. Allcorn the 100 acres of land described in the deed from the Allcorns to T. C. Spradling?

"2. Did the deeds from Holbert and wife to S. M. Woodrum, from Woodrum and wife to James Cotton, and from James Cotton to J. W. Flanagan convey the 90 acres of land described in the deed from J. W. Flanagan to T. C. Spradling?"

Preliminary to and in connection with the above quoted special issues, the court instructed the jury as follows: "The conveyance of land by a married woman must be by a deed of conveyance signed by her and her husband and acknowledged by her privily and apart from her husband before some officer authorized by law to take acknowledgments to deeds. A notary public is one of the officers authorized by law to take acknowledgments to deeds. The burden of proof is upon the plaintiff to establish by a preponderance of the evidence the affirmative of the following issues:"

Thus it will be observed that the court properly instructed the jury that the burden was upon appellee to establish by a preponderance of the evidence the affirmative of both issues submitted to the jury.

No reversible error being pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.